*In re* WERRY.

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

WILLS—CONSTRUCTION—DESCRIPTION OF PROPERTY.

By his will, testator gave to his son two farms, and directed his other lands to be sold. He gave to his wife a life-estate in all his loose money, and to his daughter M. a life-estate in a sum of money, with remainder to her children. He then declared that "as soon as any or all of my real estate is sold, which I have ordered sold, and any accumulation of rents, and the money arising from any other source, except as I may have hereinbefore disposed of, * * * I give and bequeath the following," making bequests thereof in equal shares to his daughters other than M., and their children. *Held,* that this was a general residuary clause, and the proceeds of the lands sold were not included in the "loose money" given to the wife, but passed at once, after setting apart the life-estate to M., to the other daughters.

Appeal from surrogate's court, Orange county.

Accounting by Druscilla Werry and John J. Werry, executors of the will of Peter Werry, deceased. From two decrees of the surrogate thereon, Mary Osborn and others of the next of kin, and legatees under the will, appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*William Vanamee,* for appellants. *Fullerton & Rushmore,* for respondents.

BARNARD, P. J. The evident intention of the testator drawn from the will is plain. The testator had a son, and he had wife and daughters. He had both real and personal estate. He gave absolutely to the son two farms of land, with all the property upon them. He directs the other lands to be sold. After giving two small legacies, he gave his wife a life-estate in all his loose money. The will is silent as to the fact whether or not the loose money shall include the proceeds of the farms; but the question is not important, if the final disposition of the proceeds of the land sold, as well as the personal property, is made clear by the will, and this depends upon the construction to be given to the sixth section of the will, which is in these words: "*Sixth.* It is my will further that as soon as any or all of my real estate is sold, which I have ordered sold, and any accumulation of rents, and the money arising from any other source, except as I may have hereinbefore disposed of, after all my just debts and funeral expenses are paid, I give and bequeath the following: To my daughters Elizabeth and Druscilla, each, one-quarter thereof to be theirs absolutely. The interest and income arising upon one-quarter to be paid annually to my daughter Mary Osborn for and during her natural life, and at her death the same to be paid to her children share and share alike. The one-quarter which my daughter Adelia Kernick would have been entitled to, had she survived me, I give and bequeath to her children, share and share alike." This language plainly makes a general residuary clause of all the testator's property which was undisposed of by the will. The general scope of the will is against a construction which shall leave the testator intestate as to the bulk of his property. The testator had disposed of some land, and had given a life-estate in $2,000 to his daughter Margaret, with remainder to her children, and then he gave money from all sources, except so far as disposed of by the will, to the four remaining daughters. I think the proceeds of the farms were not included in the term "loose money," and that Margaret's life-estate did embrace the proceeds of the farms sold, and that, when the farms were sold, the four daughters were entitled at once to the proceeds, after setting apart the life-estate to Margaret. The death of the widow leaves the entire residuary estate to be divided, and it is of no importance whether the four daughters could have taken the portion of the proceeds of the farms when they were sold. The decree of the surrogate should be both modified, so as to divide the entire residue among the daughters mentioned in the sixth clause, and, as directed therein, with costs to appellants out of the estate.